FILED

JUN 1 1 2013

DAVID CREWS, CLERK
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE SQWINCHER CORPORATION,
a Mississippi corporation
                              PLAINTIFF

v.                              Civil Action No. 1:13CV110-A-S

QS HOLDINGS, INC.,
a Texas corporation
                              DEFENDANT

## COMPLAINT

*Jury Trial Requested*

COMES NOW The Sqwincher Corporation ("Sqwincher") bringing this Complaint against Defendant QS Holdings, Inc. ("Defendant"), and would state as follows:

## INTRODUCTION

This case involves infringement of Sqwincher's QWIK STIK™ mark by Defendant, which is using a confusingly similar mark, namely QUICK STICKS, for Defendant's glucose powder product. The infringing use and registration of QUICK STICKS by Defendant threatens Sqwincher's prior rights and good will in its QWIK STIK™ mark, and also poses potential harm to the public, and should be enjoined by this Court.

## THE PARTIES

1. Plaintiff Sqwincher is a Mississippi corporation with its principal place of business at 1409 Highway 45 South, Columbus, Mississippi 39701.

2. On information and belief, Defendant, QS Holdings, Inc. is Texas corporation with its principal place of business at 5307 East Mockingbird Lane, Suite 675, Dallas, Texas 75206.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this case pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338.

4. This Court has personal jurisdiction over Defendant because Defendant offers and/or sells infringing QUICK STICKS products nationwide (both in retail stores and on the Internet), including within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## SQWINCHER'S USE OF ITS MARK

6. Sqwincher is the owner of prior common law rights in the mark QWIK STIK™, which Sqwincher has used since 2004.

7. Sqwincher's QWIK STIK™ product is a single-serving, powder-in-a-pouch energy product, as shown below:



2

8. Sqwincher's QWIK STIK™ product is sugar free and low carb.

9. Sqwincher's QWIK STIK™ product is targeted in part at consumers with concerns about sugar and diabetes.

10. Consumers of Sqwincher's QWIK STIK™ product include diabetics and others who need to avoid sugar or limit carb intake.

11. Sqwincher's QWIK STIK product provides 100% of the daily value of Vitamin C.

12. Sqwincher has offered and sold its QWIK STIK™ product nationwide for several years.

13. Sqwincher has annual sales in the millions of dollars for its QWIK STIK™ product.

14. Sqwincher's QWIK STIK™ mark is suggestive and therefore inherently distinctive.

15. As a result of the longstanding, continuous, and widespread use and reputation of Sqwincher's QWIK STIK™ mark, to the extent that the mark is not inherently distinctive, that mark has acquired distinctiveness as a source designator of Sqwincher's products.

16. Sqwincher's QWIK STIK™ product has also been referred to by consumers and retailers as QWIK STIKS and even as QUICK STICKS.

## DEFENDANT'S USE OF QUICK STICKS

17. Defendant is the owner of a recently issued federal trademark registration for QUICK STICKS, registration number 4330352, covering "glucose for use as an additive to foods for medical purposes."

18. Defendant is also the owner of a federal trademark registration for GLUCOSE QUICK STICKS, registration number 4036088, covering "glucose for use as an additive to foods for medical purposes."

19. Defendant claims to have used the QUICK STICKS mark in commerce since 2010.

20. Defendant is currently selling its QUICK STICKS product for a single-serving, powder-in-a-pouch energy product, as shown below:



21. Defendant's QUICK STICKS product is targeted to consumers with concerns about sugar and diabetes.

22. On information and belief, consumers of Defendant's QUICK STICKS product include diabetics and others who need to regulate sugar and/or carb intake.

23. Defendant touts the Vitamin C content of its QUICK STICKS product.

24. Defendant did not begin offering or selling its QUICK STICKS product until well after Sqwincher had already long been offering or selling its QWIK STIK™ product nationwide.

4

25. On information and belief, Defendant's QUICK STICKS product has only been fully rolled out to various markets in the past few months.

26. On information and belief, Defendant's QUICK STICKS product has received some negative consumer reviews related to pricing and/or quality.

## LIKELIHOOD OF CONFUSION

27. Defendant's use of a Quick Sticks named product that falls into the same category as Sqwincher's genuine QWIK STIK™ product is likely to cause confusion.

28. Defendant's QUICK STICKS mark is highly similar in sound, appearance, meaning, and commercial impression to Sqwincher's QWIK STIK™ mark.

29. Defendant's brightly colored product packaging for its QUICK STICKS product is similar to Sqwincher's genuine product packaging for its QWIK STIK™.

30. Both Defendant's QUICK STICKS product and Sqwincher's QWIK STIK™ product are used with highly similar products, namely a single-serving, powder-in-a-pouch energy product.

31. Both Defendant's QUICK STICKS product and Sqwincher's QWIK STIK™ product are marketed and sold to consumers who are diabetic, are seeking to avoid diabetes, or are otherwise sensitive to issues involving sugar intake.

32. Both Defendant's QUICK STICKS product and Sqwincher's QWIK STIK™ product are marketed to consumers as being a source of Vitamin C.

33. Because consumers use terms such as QWIK STIK, QWIK STIKS, and QUICK STICKS interchangeably, the use of Defendant's QUICK STICKS mark in the market is likely to cause confusion with Sqwincher's QWIK STIK™ mark.

34. Consumers are likely to believe that Defendant's QUICK STICKS products are simply a new flavor of Sqwincher's existing QWIK STIK™ products.

35. In the niche marketplace that QWIK STIK™ has occupied for nearly a decade, the offering and sale of a similar product named QUICK STICKS to a similar group of consumers is likely to cause confusion.

36. Use in the marketplace of two sound alike marks for products of this type, one sugar free and the other basically just sugar, could pose a risk of danger to the public, especially to those who need to avoid sugar.

37. Even among those who may want to have some sugar content but who wish to control and limit that intake, both Defendant's QUICK STICKS product and Sqwincher's QWIK STIK™ product would be of interest to such consumers, and simultaneous use of those marks in the marketplace is likely to lead to confusion.

38. Based on some negative reviews of Defendant's QUICK STICKS product, the offering and sale of that product likely will create a false association with Sqwincher's QWIK STIK™ product, which will tarnish the reputation of Sqwincher's product.

## STANDING

39. Sqwincher first used its QWIK STIK™ mark in connection with a single-serving, powder-in-a-pouch energy in commerce long prior to the date when Defendant first used or applied to register QUICK STICKS in connection with a similar product.

40. Defendant's continued use of QUICK STICKS is likely to cause confusion with Sqwincher's QWIK STIK™ mark.

41. Defendant's use of QUICK STICKS has caused or will cause harm to Sqwincher.

## FIRST CAUSE OF ACTION

**(Trademark Infringement and Unfair Competition – 15 U.S.C. § 1125(a)(1)(A)**

42. Sqwincher hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above, and incorporates them by reference.

43. Sqwincher owns and has prior common law rights in its QWIK STIKS™ mark.

44. Defendant's use of QUICK STICKS infringes Sqwincher's common law rights in QWIK STIKS™ under Section 43(a) of the Lanham Act.

45. Defendant's use of QUICK STICKS is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and/or its products with Sqwincher and/or its products, or as to the origin, sponsorship, or approval of Defendant's products by Sqwincher.

46. Defendant's activities constitute unfair competition and false designation of origin under Section 43(a) of the Lanham Act.

47. As a result of Defendant's infringement, unfair competition, and false designation of origin, Sqwincher has suffered and will continue to suffer irreparable harm and is entitled to damages and equitable relief as set forth in the prayer for relief below.

## SECOND CAUSE OF ACTION

### (Cancellation of Defendant's Federal Registrations – 15 U.S.C. § 1119)

48. Sqwincher hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above, and incorporates them by reference.

49. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to "order the cancelation of registrations" of marks involved in this action.

50. Because Defendant's use and registration of QUICK STICKS is likely to cause confusion with Sqwincher's prior QWIK STIKS™ mark, under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), Defendant is not entitled to a registration for QUICK STICKS, and registration number 4330352 should be cancelled.

51. Because Defendant's use and registration of GLUCOSE QUICK STICKS is likely to cause confusion with Sqwincher's prior QWIK STIKS™ mark, under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), Defendant is not entitled to a registration for GLUCOSE QUICK STICKS, and registration number 4036088 should be cancelled.

52. Because Sqwincher has been and will continue to be harmed by Defendant's registration of the marks QUICK STICKS (Reg. No. 4330352) and GLUCOSE QUICK STICKS (Reg. No. 4036088), this Court should cancel such registrations.

## PRAYER FOR RELIEF

WHEREFORE, Sqwincher demands judgment, an injunction and damages on all causes of action in this Complaint and award of equitable relief and monetary relief against Defendant as follows:

1. A declaration that Defendant has willfully infringed Sqwincher's QWIK STIK™ mark and has engaged in unfair competition.

2. An order enjoining Defendant from making further unauthorized use of QUICK STICKS, GLUCOSE QUICK STICKS, and any other mark likely to cause confusion with Sqwincher's QWIK STIK™ mark.

3. An order directing the Commissioner for Trademarks of the USPTO to cancel Defendant's federal registrations for QUICK STICKS (Reg. No. 4330352) and GLUCOSE QUICK STICKS (Reg. No. 4036088).

4. An order requiring Defendant and all those acting in concert to cease commercial use QUICK STICKS and GLUCOSE QUICK STICKS in any form.

5. An award of damages, including but not limited to the following:

    a. Defendant's profits associated with its wrongful acts;

    b. Damages sustained by Sqwincher as a result of Defendant's wrongful acts;

    c. An appropriate amount of corrective advertising damages, if the Court deems that appropriate;

    d. Treble damages as a result of Defendant's intentional and bad faith use of infringing marks, as provided for under 15 U.S.C. §1117(a);

7. An award of costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a), because this case is an exceptional case.

8. Such other and further relief as the Court may deem just and proper.

This the 11th day of June, 2013.

Respectfully submitted,

THE SQWINCHER CORPORATION

P. Ryan Beckett (MSB No. 99524)
J. Mitchell Carrington (MSB No. 104228)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) ryan.beckett@butlersnow.com
(E) mitch.carrington@butlersnow.com

ButlerSnow 16641087v1